UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| ARTHUR J. BRASS | § | |
| | § | Case No. 21-60025 |
| Debtor. | § | |
| | § | |
| CHRISTOPHER MURRAY, TRUSTEE | § | |
| Plaintiff | § | |
| v. | § | Adv. No. _____ |
| | § | |
| CATHERINE BRASS | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

Christopher Murray, chapter 7 trustee for the estate of Arthur J. Brass, files this *Original Complaint* against Catherine Brass (the "**Defendant**") and respectfully shows as follows:

### JURISDICTION & VENUE

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order 2012-6 entered in the Southern District of Texas. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(E)(O). This adversary proceeding involves turnover of estate property pursuant to 11 U.S.C. § 542 and such suit could not be brought under this statute outside this bankruptcy case. Accordingly, this adversary proceeding is a case "arising in" a case under title 11. *Matter of Wood,* 825 F.2d. 90, 96 (5th Cir. 1987). The Trustee brings this adversary proceeding pursuant to Bankruptcy Rule 7001 and sections 105 and 542 of title 11 of the United States Code, as amended. Venue lies in this district pursuant to 28 U.S.C. § 1409.

### PARTIES

2.  Plaintiff Christopher Murray is the duly authorized and acting chapter 7 trustee of the estate of Arthur J. Brass and may be served through counsel of record herein.

3.  Defendant Catherine Brass is an individual and resident of the State of Texas.

Defendant may be served with process at 2508 Pelham Drive, Houston, TX 77019.

## BACKGROUND

4. On March 26, 2021, the Debtor, Arthur J. Brass (the "**Debtor**"), filed a voluntary petition for relief under chapter 7, of title 11 of the United States Code, and Christopher R. Murray was appointed as the as the Trustee.

5. The Debtor's original schedules listed certain men's jewelry, including numerous men's watches and other men's jewelry. The schedules did not, however, appear to include any women's jewelry.



6. [redacted]

7. [redacted]

8. The Defendant is married to the Debtor and is his non-filing spouse. During the bankruptcy proceedings, the Debtor has asserted that the jewelry not listed in the petition and schedules is his wife's separate property. Defendant has also asserted that the jewelry constitutes separate property. The further Defendant testified regarding the jewelry listed in the Jewelry Rider. Based on her testimony, the majority of the jewelry listed in the Jewelry Rider was acquired after the

Defendant and the Debtor were married as "gifts" from the Debtor.

9. As of the date of this Complaint, the Defendant has not turned over any of the jewelry alleged to be separate property to the Trustee.

10. The Trustee and the Defendant entered into a tolling agreement related to claims under Chapter 5 of the Bankruptcy Code and Chapter 24 of the Texas Business and Commerce Code. Under the terms of the agreement, the limitations period from the effective date of March 16, 2023 through October 31, 2023 have been tolled, suspended, and ceased to run.

## CAUSES OF ACTION

### COUNT ONE
### (Declaratory Judgment)

11. The Trustee repeats and realleges the allegations contained in paragraphs 1 through 10 hereof, as if fully set herein.

12. There is an actual controversy between the Trustee and Defendant as to which party is entitled to possession of the jewelry.

13. The Defendant claims that the jewelry described herein is her separate property.

14. The Trustee asserts that the jewelry in the Debtor's possession is property of the estate. Under Texas law, "[c]ommunity property consists of the property, other than separate property, acquired by either spouse during marriage." TEX. FAMILY. CODE § 3.002. And "property possessed by either spouse during or on dissolution of marriage is presumed to be community property." TEX. FAMILY. CODE § 3.003. As of the Petition Date, the Defendant and Debtor were married. Because the jewelry was possessed "by either spouse during . . . marriage[, the jewelry] is presumed to be community property" absent clear and convincing evidence to the contrary. TEX. FAMILY. CODE §§ 3.003.

15. Pursuant to 28 U.S.C. § 2201, this Court may determine the rights and relations of any party in interest seeking a declaration as to those rights, whether or not relief is or could be sought.

16. The Trustee seeks a declaratory judgment determine the extent of the bankruptcy estate's interest in and to the jewelry under section 541 of the Bankruptcy Code.

## COUNT TWO
**(Turnover of the Property – 11 U.S.C. § 542)**

17. The Trustee repeats and realleges the allegations contained in paragraphs 1 through 10 hereof, as if fully set herein.

18. Section 542 of the Bankruptcy Code provides that "entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate" 11 U.S.C. § 542(a).

19. Prior to the petition date, the Debtor and his spouse acquired jewelry, including that which is listed on the Jewelry Rider. Under Texas law, Community property consists of the property, other than separate property, acquired by either spouse during marriage." TEX. FAMILY. CODE § 3.002. And "property possessed by either spouse during or on dissolution of marriage is presumed to be community property." TEX. FAMILY. CODE § 3.003. Therefore, under Texas law, the jewelry acquired by the Defendant during the marriage to the Debtor is presumed to be community property absent clear and convincing evidence to the contrary. TEX. FAMILY. CODE §§ 3.003 & 3.004.

20. As of the date of this complaint, Defendant has not turned over the jewelry to the Trustee. The value of the jewelry is not inconsequential to the estate.

21. Accordingly, the Trustee is entitled to an order directing Defendant to immediately turn over the jewelry possessed during her marriage to the Debtor pursuant to 11 U.S.C. § 542.

## COUNT THREE
**(Sanctions for Willful Violations of the Automatic Stay)**

22. The Trustee repeats and realleges the allegations contained in paragraphs 1 through

10 hereof, as if fully set herein.

23. Bankruptcy Code § 362(a) provides that a bankruptcy petition "operates as a stay, applicable to all entities, of . . . (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Section 362(k) further provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

24. The Defendant willfully violated the automatic stay provisions of the Bankruptcy Code by failing to turn over the jewelry possessed during the marriage after she became aware of the bankruptcy proceedings. *E.g. In re Leverette*, Adv. No. 12-05005, 2013 WL 5350902, at *3 (Bankr. S.D. Miss. Sept. 25, 2013) ("Numerous courts have held that a creditor's continued retention of property of the estate after notice of the bankruptcy filing is a violation of the automatic stay.")(collecting cases).

25. Pursuant to 11 U.S.C. § 362(k), the Trustee, on behalf of the estate, is entitled to damages, including costs and attorneys' fees, that he has incurred with respect to the willful violations of the automatic stay by the Defendant.

## COUNT FOUR
### (Fraudulent Transfer – TEX. BUS. & COM. CODE §§ 24.005(a)(1) & 24.006(a))

26. The Trustee repeats and realleges the allegations contained in paragraphs 1 through 10 hereof, as if fully set herein.

27. In the alternative to Counts One through Three, the Trustee seeks to avoid all transfers of jewelry the Debtor made to Defendant in the four years prior to the petition date described herein and recover the value of the transfers from any initial, immediate, and/or mediate transferees pursuant to TEX. BUS. & COM. CODE §§ 24.005(a)(1) & 24.006(a). These transfers include any gift of the following items to the Defendant and any gifts of jewelry from the Debtor in the four years preceding the petition date (the "**Transfers**"):



28.     At all relevant times material hereto, the Debtor had at least one creditor prior to making each of the Transfers.

29.     The facts set forth herein demonstrate that the Debtor made the Transfers with the actual intent to hinder, delay, or defraud the Debtor's creditors.

30.     The Transfers were made to or for the benefit of an insider. The Defendant is the Debtor's wife.

31.     The Debtor maintained possession and/or control of the jewelry. Despite the allegations that the jewelry was the Defendant's separate property, the Debtor maintained control of the jewelry such that he was able to liquidate one of the most valuable pieces of jewelry without the Defendant's knowledge or consent.

32.     The transfers were made after the Debtor had been sued by creditor Superior Crude Gathering, Inc. In addition, some of the Transfers occurred after the Debtor was sued by Vitol, Inc.

33.     The consideration received by the Debtor for the transfers was less than reasonably equivalent value. The Defendant alleges that the Transfers were a gift, and therefore, she provided no

value for the transfers.

34. The Debtor was insolvent and undercapitalized or became insolvent and undercapitalized shortly after the transfers were made.

35. Accordingly, the Transfers constitute avoidable fraudulent transfers pursuant to Sections 24.005(a)(1) and 24.006(a) of the Texas Business and commerce Code and 11 U.S.C. § 544. The Trustee is entitled to recover the Transfers or their value pursuant to 11 U.S.C. § 550 from the Defendant.

36. The Trustee further requests an award of attorney's fees and costs pursuant to Texas Business and Commerce Code § 24.013.

## **PRAYER**

**WHEREFORE**, the Trustee respectfully requests the entry of a judgment in his favor and against Defendants as follows:

(a) Finding that the jewelry possessed by the Defendant as of the petition date is community property under Texas law;

(b) compelling Defendant to turnover all jewelry that is community property pursuant to 11 U.S.C. § 542;

(c) awarding sanctions against Defendant for her willful violation of the automatic stay, with such sanctions at least equaling the attorney's fees, costs, and expenses the Trustee incurred in attempting to have the jewelry turned over to the estate;

(d) avoiding the Transfers under Tex. Bus. & Com. Code §§ 24.005(a)(1) or 24.006(a) and entering judgment in favor of the Trustee against Defendant requiring the turnover of the Transfers to the Trustee under 11 U.S.C. § 550;

(e) awarding reasonable attorney's fees and costs;

(f) awarding pre- and post-judgment interest; and

(e) granting such other and further relief as may be just and proper.

Date: October 31, 2023

Respectfully submitted,
**DANIELS & TREDENNICK PLLC**

*By: /s/ J. Maxwell Beatty*
J. Maxwell Beatty
State Bar No. 24051740
max@dtlawyers.com
6363 Woodway Dr., Suite 700
Houston, Texas 77057
Tel. 713-800-3681
Fax. 713-917-0026
*Counsel for the Trustee*